IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC 2017 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-179 (CFC) |
| | ) | |
| BITMOVIN, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### DEFENDANT BITMOVIN, INC.'S ANSWER TO
### <u>FIRST AMENDED COMPLAINT AND COUNTERCLAIMS</u>

Defendant Bitmovin, Inc. ("Bitmovin") submits its Answer to Plaintiff Uniloc 2017 LLC's

("Uniloc or "Plaintiff") First Amended Complaint, and states as follows:

### <u>Response to Allegations Contained in "Nature of Action"</u>

1.      The allegations set forth in Paragraph 1 of the First Amended Complaint appear to

state legal conclusions to which a responsive pleading is not required.  To the extent that a

responsive pleading is required, Bitmovin admits that the First Amended Complaint purports to state

a cause of action that arises under the federal patent statutes and admits that copies of U.S. Patent

Nos. 6,628,712 (the "'712 patent"), 6,895,118 (the "'118 patent"), 6,519,005 (the "'005 patent") and

6,470,345 (the "'345 patent") are attached to the First Amended Complaint as Exhibits A-D

respectively.  Bitmovin denies any allegation of infringement of any of the '712 patent, the '118

patent, the '005 patent and the '345 patent.

2.      Bitmovin denies the allegations contained in Paragraph 2 of the First Amended

Complaint.

## Response to Allegations Contained in "The Parties"

3.     Bitmovin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the First Amended Complaint and on that basis denies them.

4.     Bitmovin admits the allegations contained in Paragraph 4 of the First Amended Complaint.

## Response to Allegations Contained in "Jurisdiction and Venue"

5.     The allegations set forth in Paragraph 5 of the First Amended Complaint appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin admits that the First Amended Complaint purports to state a cause of action that arises under the federal patent statutes, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§1331 and 1338(a).  Bitmovin denies any allegation of infringement of the patents identified in the First Amended Complaint.

6.     The allegations set forth in Paragraph 6 of the First Amended Complaint appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin admits that it is subject to personal jurisdiction in this District.  Bitmovin denies any allegation of infringement of the patents identified in the First Amended Complaint, and denies the remainder of the allegations in Paragraph 6 of the First Amended Complaint.

7.     The allegations set forth in Paragraph 7 of the First Amended Complaint appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin denies that venue is proper in this District.  Bitmovin admits that it is incorporated in Delaware.  Bitmovin denies any allegation of infringement of the

patents identified in the First Amended Complaint, and denies the remainder of the allegations in Paragraph 7 of the First Amended Complaint.

### Response to Allegations Contained in "Count I"

8.    Bitmovin restates and re-alleges, and incorporates by reference each of its responses to the allegations contained in Paragraphs 1 through 7 of the First Amended Complaint as set forth above in response to Paragraph 8 of the First Amended Complaint.

9.    Bitmovin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the First Amended Complaint regarding ownership of the '712 patent and on that basis denies them.

10.    Bitmovin admits that on its face, the '712 patent purports to be a United States Patent, that bears a "Date of Patent" of Sep. 30, 2003, and is titled "Seamless Switching of MPEG Video Streams."  Bitmovin admits that Exhibit A purports to be a true and correct copy of the '712 patent. Bitmovin denies any remainder allegations in Paragraph 10 of the First Amended Complaint.

11.    The allegations set forth in Paragraph 11 of the First Amended Complaint appear to state a legal conclusion to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin denies that the '712 patent is valid.

12.    Bitmovin admits the allegations in Paragraph 12 of the First Amended Complaint.

13.    Bitmovin denies the allegations in Paragraph 13 of the First Amended Complaint.

14.    Bitmovin denies the allegations in Paragraph 14 of the First Amended Complaint.

15.    Bitmovin denies the allegations in Paragraph 15 of the First Amended Complaint.

16.    Bitmovin denies the allegations in Paragraph 16 of the First Amended Complaint.

17.    Bitmovin denies the allegations in Paragraph 17 of the First Amended Complaint.

18.    Bitmovin denies the allegations in Paragraph 18 of the First Amended Complaint.

19.     Bitmovin denies the allegations in Paragraph 19 of the First Amended Complaint.

20.     Bitmovin denies the allegations in Paragraph 20 of the First Amended Complaint.

21.     Bitmovin denies the allegations in Paragraph 21 of the First Amended Complaint.

22.     Bitmovin denies the allegations in Paragraph 22 of the First Amended Complaint.

23.     Bitmovin denies the allegations in Paragraph 23 of the First Amended Complaint.

24.     Bitmovin denies the allegations in Paragraph 24 of the First Amended Complaint.

25.     Bitmovin denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     Bitmovin denies the allegations in Paragraph 26 of the First Amended Complaint.

27.     Bitmovin denies the allegations in Paragraph 27 of the First Amended Complaint.

28.     Bitmovin denies the allegations in Paragraph 28 of the First Amended Complaint.

29.     Bitmovin denies the allegations in Paragraph 29 of the First Amended Complaint.

30.     Bitmovin denies the allegations in Paragraph 30 of the First Amended Complaint.

31.     Bitmovin denies the allegations in Paragraph 31 of the First Amended Complaint.

## **Response to Allegations Contained in "Count II"**

32.     Bitmovin restates and re-alleges, and incorporates by reference each of its responses to the allegations contained in Paragraphs 1 through 7 of the First Amended Complaint as set forth above in response to Paragraph 32 of the First Amended Complaint.

33.     Bitmovin admits that on its face, the '118 patent bears a "Date of Patent" of May 17, 2005 and is titled "Method of Coding Digital Image Based on Error Concealment." Bitmovin admits that Exhibit B purports to be a true and correct copy of the '118 patent. Bitmovin denies any remainder allegations in Paragraph 33 of the First Amended Complaint.

34.     The allegations set forth in Paragraph 34 of the First Amended Complaint appear to state a legal conclusion to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin denies that the '118 patent is valid.

35.     Bitmovin denies the allegations in Paragraph 35 of the First Amended Complaint.

36.     Bitmovin admits the allegations in Paragraph 36 of the First Amended Complaint.

37.     Bitmovin denies the allegations in Paragraph 37 of the First Amended Complaint.

38.     Bitmovin denies the allegations in Paragraph 38 of the First Amended Complaint.

39.     Bitmovin denies the allegations in Paragraph 39 of the First Amended Complaint.

40.     Bitmovin denies the allegations in Paragraph 40 of the First Amended Complaint.

41.     Bitmovin denies the allegations in Paragraph 41 of the First Amended Complaint.

42.     Bitmovin denies the allegations in Paragraph 42 of the First Amended Complaint.

43.     Bitmovin denies the allegations in Paragraph 43 of the First Amended Complaint.

44.     Bitmovin denies the allegations in Paragraph 44 of the First Amended Complaint.

45.     Bitmovin denies the allegations in Paragraph 45 of the First Amended Complaint.

46.     Bitmovin denies the allegations in Paragraph 46 of the First Amended Complaint.

47.     Bitmovin denies the allegations in Paragraph 47 of the First Amended Complaint.

48.     Bitmovin denies the allegations in Paragraph 48 of the First Amended Complaint.

49.     Bitmovin denies the allegations in Paragraph 49 of the First Amended Complaint.

50.     Bitmovin denies the allegations in Paragraph 50 of the First Amended Complaint.

51.     Bitmovin denies the allegations in Paragraph 51 of the First Amended Complaint.

52.     Bitmovin denies the allegations in Paragraph 52 of the First Amended Complaint.

53.     Bitmovin admits that H.264 is widely used and otherwise denies the allegations in Paragraph 53 of the First Amended Complaint.

54.     Bitmovin denies the allegations in Paragraph 54 of the First Amended Complaint.

55.     Bitmovin denies the allegations in Paragraph 55 of the First Amended Complaint.

56.     Bitmovin denies the allegations in Paragraph 56 of the First Amended Complaint.

57.     Bitmovin denies the allegations in Paragraph 57 of the First Amended Complaint.

58.     Bitmovin denies the allegations in Paragraph 58 of the First Amended Complaint.

59.     Bitmovin denies the allegations in Paragraph 59 of the First Amended Complaint.

### Response to Allegations Contained in "Count III"

60.     Bitmovin restates and re-alleges, and incorporates by reference each of its responses to the allegations contained in Paragraphs 1 through 7 of the First Amended Complaint as set forth above in response to Paragraph 60 of the First Amended Complaint.

61.     Bitmovin admits that on its face, the '005 patent bears a "Date of Patent" of Feb.11, 2003 and is titled "Method of Concurrent Multiple-Mode Motion Estimation for Digital Video." Bitmovin admits that Exhibit C purports to be a true and correct copy of the '005 patent.  Bitmovin denies any remainder allegations in Paragraph 61 of the First Amended Complaint.

62.     The allegations set forth in Paragraph 62 of the First Amended Complaint appear to state a legal conclusion to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin denies that the '005 patent is valid.

63.     Bitmovin denies the allegations in Paragraph 63 of the First Amended Complaint.

64.     Bitmovin admits the allegations in Paragraph 64 of the First Amended Complaint.

65.     Bitmovin denies the allegations in Paragraph 65 of the First Amended Complaint.

66.     The allegations set forth in Paragraph 66 of the First Amended Complaint appear to state a legal conclusion to which a responsive pleading is not required.  To the extent that a

responsive pleading is required, Bitmovin denies the allegations in Paragraph 66 of the First Amended Complaint.

67.     The allegations set forth in Paragraph 67 of the First Amended Complaint appear to state a legal conclusion to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin denies the allegations in Paragraph 67 of the First Amended Complaint.

68.     Bitmovin denies the allegations in Paragraph 68 of the First Amended Complaint.

69.     Bitmovin lacks  sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the First Amended Complaint and on that basis denies them.

70.     Bitmovin denies the allegations in Paragraph 70 of the First Amended Complaint.

71.     Bitmovin admits that the MPEG-1 and MPEG-2 standards, proposed by the Moving Pictures Expert Group (MPEG) existed before any alleged invention in the '005 patent.  Bitmovin denies the remaining allegations in Paragraph 71 of the First Amended Complaint.

72.     Bitmovin admits that the '005 patent specification, at column 1, lines 41 to 48 states:

> In general, in accordance with the MPEG standards, the audio and video data comprising a multimedia data stream (or "bit stream") are encoded/compressed in an intelligent manner using a compression technique generally known as "motion coding". More particularly, rather than transmitting each video frame in its entirety, MPEG uses motion estimation for only those parts of sequential pictures that vary due to motion, where possible.

Bitmovin denies the remaining allegations in Paragraph 72 of the First Amended Complaint.

73.     The allegations set forth in Paragraph 73 of the First Amended Complaint appear to include legal conclusion to which a responsive pleading is not required.  To the extent that a

responsive pleading is required, Bitmovin denies the allegations in Paragraph 73 of the First Amended Complaint.

74.     Bitmovin denies the allegations in Paragraph 74 of the First Amended Complaint.

75.     Bitmovin denies the allegations in Paragraph 75 of the First Amended Complaint.

76.     Bitmovin denies the allegations in Paragraph 76 of the First Amended Complaint.

77.     Bitmovin denies the allegations in Paragraph 77 of the First Amended Complaint.

78.     Bitmovin denies the allegations in Paragraph 78 of the First Amended Complaint.

79.     Bitmovin denies the allegations in Paragraph 79 of the First Amended Complaint.

80.     Bitmovin denies the allegations in Paragraph 80 of the First Amended Complaint.

81.     Bitmovin denies the allegations in Paragraph 81 of the First Amended Complaint.

82.     Bitmovin denies the allegations in Paragraph 82 of the First Amended Complaint.

83.     Bitmovin denies the allegations in Paragraph 83 of the First Amended Complaint.

84.     Bitmovin denies the allegations in Paragraph 84 of the First Amended Complaint.

85.     Bitmovin denies the allegations in Paragraph 85 of the First Amended Complaint.

86.     Bitmovin denies the allegations in Paragraph 86 of the First Amended Complaint.

87.     Bitmovin denies the allegations in Paragraph 87 of the First Amended Complaint.

88.     Bitmovin denies the allegations in Paragraph 88 of the First Amended Complaint.

89.     Bitmovin denies the allegations in Paragraph 89 of the First Amended Complaint.

90.     Bitmovin denies the allegations in Paragraph 90 of the First Amended Complaint.

91.     Bitmovin denies the allegations in Paragraph 91 of the First Amended Complaint.

92.     Bitmovin denies the allegations in Paragraph 92 of the First Amended Complaint.

## Response to Allegations Contained in "Count IV"

93.      Bitmovin restates and re-alleges, and incorporates by reference each of its responses to the allegations contained in Paragraphs 1 through 7 of the First Amended Complaint as set forth above in response to Paragraph 93 of the First Amended Complaint.

94.      Bitmovin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the First Amended Complaint regarding ownership of the '345 patent and on that basis denies them.

95.      Bitmovin admits that on its face, the '345 patent bears a "Date of Patent" of Oct. 22, 2002 and is titled "Replacement of Substrings in File/Directory Pathnames with Numeric Tokes." Bitmovin admits that Exhibit D purports to be a true and correct copy of the '345 patent.  Bitmovin denies any remainder allegations in Paragraph 95 of the First Amended Complaint.

96.      The allegations set forth in Paragraph 96 of the First Amended Complaint appear to state a legal conclusion to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Bitmovin denies that the '345 patent is valid.

97.      Bitmovin denies the allegations in Paragraph 97 of the First Amended Complaint.

98.      Bitmovin admits the allegations in Paragraph 98 of the First Amended Complaint.

99.      Bitmovin denies the allegations in Paragraph 99 of the First Amended Complaint.

100.     Bitmovin denies the allegations in Paragraph 100 of the First Amended Complaint.

101.     Bitmovin denies the allegations in Paragraph 101 of the First Amended Complaint.

102.     Bitmovin denies the allegations in Paragraph 102 of the First Amended Complaint.

103.     Bitmovin denies the allegations in Paragraph 103 of the First Amended Complaint.

104.     Bitmovin admits that Paragraph 104 of the First Amended Complaint purports to quote from column 10, lines 58-65, Fig. 4, column 10, line 66 to column 11, line 15, Fig. 5, column

11, lines 15-30, Fig. 6, column 11, lines 31-56, and Fig. 7 of the '345 patent.  Bitmovin denies any remaining allegations in Paragraph 104 of the First Amended Complaint.

105.    Bitmovin admits that Paragraph 105 of the First Amended Complaint purports to quote from column 11, line 57 to column 13, line 23, Fig. 8A, 8B, and 9 of the '345 patent. Bitmovin denies any remaining allegations in Paragraph 105 of the First Amended Complaint.

106.    Bitmovin denies the allegations in Paragraph 106 of the First Amended Complaint.

107.    Bitmovin denies the allegations in Paragraph 107 of the First Amended Complaint.

108.    Bitmovin denies the allegations in Paragraph 108 of the First Amended Complaint.

109.    Bitmovin denies the allegations in Paragraph 109 of the First Amended Complaint.

110.    Bitmovin denies the allegations in Paragraph 110 of the First Amended Complaint.

111.    Bitmovin denies the allegations in Paragraph 111 of the First Amended Complaint.

112.    Bitmovin denies the allegations in Paragraph 112 of the First Amended Complaint.

113.    Bitmovin denies the allegations in Paragraph 113 of the First Amended Complaint.

114.    Bitmovin denies the allegations in Paragraph 114 of the First Amended Complaint.

115.    Bitmovin denies the allegations in Paragraph 115 of the First Amended Complaint.

### Response to "Prayer for Relief"

Bitmovin denies that Uniloc is entitled to the relief it seeks or any relief at all for the allegations made in the First Amended Complaint.  Bitmovin denies all allegations in the First Amended Complaint that have not been specifically admitted in Paragraphs 1-115 above.

### AFFIRMATIVE DEFENSES

Bitmovin hereby asserts the following affirmative and other defenses to the claims and allegations contained in the First Amended Complaint.  Bitmovin reserves the right to seek leave to amend this Answer to plead additional defenses and/or to supplement its existing defenses.

**FIRST DEFENSE (Non-Infringement)**

116.    Bitmovin has not infringed, and does not infringe, and is not liable for any infringement of any claim of the '712 patent, of the '118 patent, of the '005 patent, or of the '345 patent.

**SECOND DEFENSE (Invalidity)**

117.    The '712 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35of the United States Code ("Title 35"), or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling description.

118.    The '118 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim

what the applicants regarded as their invention; or does not contain a proper written description or enabling description.

119.    The '005 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling description.

120.    The '345 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling description.

### THIRD DEFENSE (Limitation On Damages)

121.    Uniloc's claim for damages is barred, in whole or in part, by 35 U.S.C. § 286 and by 35 U.S.C § 287 and Uniloc's failure to provide notice thereunder.

### FOURTH DEFENSE (Failure to State a Claim)

122.    Uniloc's First Amended Complaint fails to state a claim against Bitmovin because the infringement allegations and claims in the First Amended Complaint are not plausible on their face. For example, Uniloc has failed to allege ownership or enforcement rights for two of the patents it asserts in this case.

### FIFTH DEFENSE (Limitation on Costs)

123.    Uniloc's claim for costs is barred, in whole or part, by 35 U.S.C. § 288 and 28 U.S.C. § 1928.

### SIXTH DEFENSE (Laches)

124.    Uniloc's claims are barred, in whole or part, by the doctrine of laches.

### RESERVATION OF ADDITIONAL DEFENSES

125.    Bitmovin reserves any and all additional defenses available to them under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

### COUNTERCLAIMS

For its Counterclaims against Uniloc, Bitmovin alleges as follows:

1.    Bitmovin counterclaims against Uniloc pursuant to the patent laws of the United States, Title 35 of the United States Code ("Title 35"), and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

## THE PARTIES

2.      Bitmovin is a Delaware Corporation, organized and existing under the laws of the State of Delaware, having an address of 301 Howard Street, Suite 1800, San Francisco, California 94015.

3.      On information and belief, as alleged in the First Amended Complaint, Uniloc 2017 LLC ("Uniloc") is a Delaware corporation with an address at 1209 Orange Street, Wilmington Delaware 19801 and 620 Newport Center Drive, Newport Beach California.

## JURSIDICTION AND VENUE

4.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5.      This Court has personal jurisdiction over Uniloc by virtue of, inter alia, its filing of a Complaint against Bitmovin in this Court.

6.      Uniloc has consented to venue in this District by filing this action, which is currently pending in this District.  Accordingly, these counterclaims may at this time be brought in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      By virtue of the allegations in Uniloc's First Amended Complaint and Bitmovin's Answer thereto, an actual controversy exists between Uniloc and Bitmovin as to whether U.S. Patent Nos. 6,628,712 (the "'712 patent"), 6,895,118 (the "'118 patent"), 6,519,005 (the "'005 patent") and 6,470,345 (the "'345 patent") (together the "Patents-in-Suit") are invalid and/or not infringed by Bitmovin.

## FIRST COUNTERCLAIM
### (Declaration of Non-infringement of the '712 Patent)

8.      Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

9.      Uniloc claims to own all rights in and to enforce the '712 patent.

10.     Uniloc in this action alleges infringement of the '712 patent by Bitmovin.

11.     Bitmovin is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '712 patent, and Uniloc is not entitled to any relief of any claim in the First Amended Complaint for, inter alia, the reasons stated in Paragraphs 1 through 115 of Bitmovin's Answer and Paragraphs 116 through 125 of Bitmovin's Defenses.

12.     Absent a declaration of non-infringement of the '712 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

13.     Accordingly, Bitmovin seeks a declaration that the claims of the '712 patent are not infringed.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '712 Patent)

14.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

15.     Uniloc claims to own all rights in the '712 patent entitling it to recovery for infringement of the '712 patent.

16.     Uniloc asserts in this action that Bitmovin is liable to it for infringement of the '712 patent.

17.     The '712 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the Patent application; or was not invented by the named

inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description of the claims or enabling description.

18.     Absent a declaration of invalidity of the '712 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

19.     Accordingly, Bitmovin seeks a declaration that the claims of '712 patent are invalid.

## THIRD COUNTERCLAIM
### (Declaration of Non-infringement of the '118 Patent)

20.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

21.     Uniloc alleges in this action infringement of the '118 patent by Bitmovin.

22.     Bitmovin is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '118 patent, and Uniloc is not entitled to any relief of any claim in the First Amended Complaint for, inter alia, the reasons stated in Paragraphs 1 through 115 of Bitmovin's Answer and Paragraphs 116 through 125 of Bitmovin's Defenses.

23.     Absent a declaration of non-infringement of the '118 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

24.     Accordingly, Bitmovin seeks a declaration that the claims of the '118 patent are not infringed.

## FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '118 Patent)

25.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

26.     Uniloc asserts in this action that Bitmovin is liable to it for infringement of the '118 patent.

27.     The '118 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the Patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description of the claims or enabling description.

28.     Absent a declaration of invalidity of the '118 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

29.     Accordingly, Bitmovin seeks a declaration that the claims of '118 patent are invalid.

### FIFTH COUNTERCLAIM
### (Declaration of Non-infringement of the '005 Patent)

30.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

31.     Uniloc in this action alleges infringement of the '005 patent by Bitmovin.

32.     Bitmovin is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '005 patent, and Uniloc is not entitled to any relief of any claim in the First Amended Complaint for, inter alia, the reasons stated in Paragraphs 1 through 115 of Bitmovin's Answer and Paragraphs 116 through 125 of Bitmovin's Defenses.

33.     Absent a declaration of non-infringement of the '005 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

34.     Accordingly, Bitmovin seeks a declaration that the claims of the '005 patent are not infringed.

### SIXTH COUNTERCLAIM
### (Declaration of Invalidity of the '005 Patent)

35.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

36.     Uniloc asserts in this action that Bitmovin is liable to it for infringement of the '005 patent.

37.     The '005 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the Patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description of the claims or enabling description.

38.     Absent a declaration of invalidity of the '005 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

39.     Accordingly, Bitmovin seeks a declaration that the claims of '005 patent are invalid.

### SEVENTH COUNTERCLAIM
### (Declaration of Non-infringement of the '345 Patent)

40.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

41.     Uniloc claims to own all rights in and to enforce the '345 patent.

42.     Uniloc in this action alleges infringement of the '345 patent by Bitmovin.

43.     Bitmovin is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '345 patent, and Uniloc is not entitled to any relief of any claim in the First Amended Complaint for, inter alia, the reasons stated in Paragraphs 1 through 115 of Bitmovin's Answer and Paragraphs 116 through 125 of Bitmovin's Defenses.

44.     Absent a declaration of non-infringement of the '345 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

45.     Accordingly, Bitmovin seeks a declaration that the claims of the '345 patent are not infringed.

### EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of the '345 Patent)

46.     Bitmovin restates and incorporates by reference each of the allegations of Paragraphs 1 through 7 of these Counterclaims.

47.     Uniloc claims to own all rights in the '345 patent entitling it to recovery for infringement of the '345 patent.

48.     Uniloc asserts in this action that Bitmovin is liable to it for infringement of the '345 patent.

49.     The '345 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, or the rules, regulations, and the law related thereto, including,

without limitations, in 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged invention was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the Patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description of the claims or enabling description.

50.     Absent a declaration of invalidity of the '345 patent, Uniloc will continue to assert it against Bitmovin, and will in this way continue to cause damage to Bitmovin.

51.     Accordingly, Bitmovin seeks a declaration that the claims of '345 patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, Bitmovin prays for judgment with respect to Uniloc's First Amended Complaint and Bitmovin's Defenses and the above Counterclaims as follows:

A.     A judgment in favor of Bitmovin denying Uniloc all relief requested in the First Amended Complaint in this action and dismissing Uniloc's First Amended Complaint with prejudice;

B.     A declaration that Bitmovin has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid and enforceable claim of any of the Patents-in-Suit, and that Bitmovin is not liable for any infringement;

C.     A declaration that the Patents-in-Suit are invalid;

D.     A judgment awarding Bitmovin prejudgment and post-judgment interest and its costs, fees, and other expenses incurred in this action;

E.      A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Bitmovin be awarded its attorneys' fees; and

F.      Any and all other relief to which Bitmovin may be entitled or which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bitmovin demands trial by jury on all issues so triable, including specifically on Uniloc's claims, Bitmovin's defenses thereto, and Bitmovin's counterclaims.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Jeffrey J. Lyons*

_____

Michael Flynn (#5333)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@mnat.com
jlyons@mnat.com

OF COUNSEL:

Carolyn Chang
Hector Ribera
Ryan Marton
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104

*Attorneys for Defendant*

April 23, 2019

21

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 23, 2019, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

M. Elizabeth Day, Esquire                                   *VIA ELECTRONIC MAIL*
David Alberti, Esquire
Sal Lim, Esquire
Marc Belloli, Esquire
FEINBERG DAY ALBERTI LIM & BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
*Attorneys for Plaintiff*

*/s/ Jeffrey J. Lyons*
_____
Jeffrey J. Lyons (#6437)